# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-51244
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FAUSTINO SANCHEZ-LUGO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:07-CR-1097-ALL

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Faustino Sanchez-Lugo appeals the 84-month term of imprisonment imposed for his guilty plea conviction for illegal reentry into the United States after having previously been removed. He argues that his sentence, which fell within his advisory guidelines range, is unreasonable because it was greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a). Sanchez-Lugo contends that a shorter sentence was appropriate in his case

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because the illegal-reentry Guideline gives undue weight to a defendant's prior record, his offense was not violent, and he reentered the United States only to visit his family members.

Relying on *Kimbrough v. United States*, 128 S. Ct. 558, 575 (2007), *and Rita v. United States*, 551 U.S. 338, 347-48 (2007), Sanchez-Lugo contends that the appellate presumption of reasonableness accorded sentences imposed within a defendant's properly calculated advisory sentencing guidelines range should not apply to sentences that were calculated under Guidelines not derived from empirical data and national experience. However, this court has rejected that argument. *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009), *cert. denied*, 2009 WL 3162196 (Oct. 5, 2009) (No. 09-6195); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009), *cert. denied,* 2009 WL 1849974 (Oct. 5, 2009) (No. 08-11099). The appellate presumption of reasonableness is applicable in this case. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

In determining Sanchez-Lugo's sentence, the district court judge considered the advisory sentencing guidelines range, the information in Sanchez-Lugo's presentence report, and the § 3553(a) factors. The district court judge considered the arguments presented at sentencing and determined that a guidelines sentence would be appropriate. Sanchez-Lugo's arguments do not establish that the district court plainly erred or abused its discretion in imposing that sentence. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007). Sanchez-Lugo has not rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See Alonzo*, 435 F.3d at 554.

The judgment of the district court is AFFIRMED.